IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DR. ROBERT THEODORE WEIDOW, PH.D,
    Plaintiff,

vs.                                    Case No. 3:07cv510/LAC/MD

MIKE ANDERSON, et al.,
    Defendants.

## ORDER and
## REPORT AND RECOMMENDATION

    Plaintiff, an inmate of the Okaloosa County Department of Corrections[1] proceeding *pro se*, commenced this action on November 25, 2007 by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). He also filed an affidavit of indigency, which the court construed as a motion to proceed *in forma pauperis* (doc. 2). Plaintiff did not submit any money for the filing fee at the time he submitted the complaint. On December 10, 2007 this court denied the motion to proceed *in forma pauperis* without prejudice to plaintiff re-filing a complete application on the proper court form (doc. 4). Plaintiff was given thirty days in which to either pay the filing fee or file a complete application to proceed *in forma pauperis*. It now appears that this order was improvidently entered. It has come to the court's attention that the plaintiff has filed several cases in the United States District Court for the District of South Carolina that he failed to report on his complaint form. This, without more,

---

[1]The Okaloosa County Department of Corrections is also known as the Okaloosa County Jail. The Jail is located at 1200 East James Lee Boulevard, Crestview, Florida 32539. *See* www.co.okaloosa.fl.us/corrections.html.

is grounds for dismissal of plaintiff's case. In addition, the court has ascertained that plaintiff has had at least three cases dismissed on the grounds that the complaint failed to state a claim upon which relief may be granted or sought monetary relief from a defendant who was immune from such relief. Therefore, plaintiff is not entitled to proceed *in forma pauperis* in this case. Having reviewed the complaint, applicable statutes and controlling case law, the court concludes that this complaint is subject to summary dismissal.

On page five of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted? If so, identify these suits below by providing the case number, the style, and the disposition of each case." Plaintiff responded "No" (*id.*). At the end of the civil rights complaint form, plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing is true and correct." (*Id.*, p. 10). Thus, plaintiff has in effect stated that he has initiated no other lawsuits in federal court that were dismissed for failure to state a claim.

The court takes judicial notice of three cases previously filed by plaintiff in the United States District Court for the District of South Carolina: *Weidow v. Richland County,* No. 0:00cv1072-DWS (D.S.C. Apr. 27, 2000), *aff'd*, 230 F.3d 1356 (4th Cir. Sept. 15, 2000) (Table); *Weidow v. Richland County Det. Ctr.,* No. 0:00cv2816-DWS (D.S.C. May 25, 2001), and *Weidow v. Smith, et al.*, No. 0:00cv3096-DWS (D.S.C. Nov. 14, 2000). These cases were dismissed by the district court on the grounds that they failed to state a claim upon which relief may be granted and sought monetary relief from a defendant who was immune from such relief, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).[2] Plaintiff was incarcerated at the time of filing each of the

---

[2]Case Number 0:00cv1072 was dismissed on April 25, 2000 because one of the defendants was immune from suit, and because the remaining allegations of the complaint failed to state a claim upon which relief may be granted. *See* docs. 4, 6 in that case. The dismissal was affirmed on appeal on November 3, 2000. *See* doc. 12.

*Case No: 3:07cv510/LAC/MD*

foregoing cases.³  Each case was dismissed prior to plaintiff filing the instant complaint.

The foregoing cases from the District of South Carolina further demonstrate that plaintiff is not entitled to proceed *in forma pauperis* in the federal courts because he has already incurred three "strikes" under 28 U.S.C. § 1915(g).

The *in forma pauperis* statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  By the time plaintiff brought the instant action, he knew that he had three strikes and could not proceed *in forma pauperis*.  Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest he is under imminent danger of serious physical injury.  Rather, plaintiff's complaint concerns his alleged false arrest and imprisonment for failure to register as a sex offender.  Because plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed under § 1915(g).  Leave should not be provided so that he can pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint.  *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002).

---

Case Number 0:00cv2816 was dismissed on May 25, 2001 for failure to state a claim upon which relief may be granted.  *See* docs. 18, 19 in that case.

Case Number 0:00cv3096 was dismissed on November 14, 2000 because several defendants were immune from suit, and because the remaining allegations of the complaint failed to state a claim upon which relief may be granted.  *See* docs. 3, 6 in that case.

³In each report and recommendation filed in the South Carolina cases, the magistrate judge found that plaintiff was a pre-trial detainee at the Richland County Detention Center at the time he filed the case, and the district judge accepted the magistrate's findings in the order dismissing each case.  Furthermore, in the order dismissing each case, the district judge expressly determined that each case qualified as a "strike" for purposes of § 1915(g).

*Case No: 3:07cv510/LAC/MD*

Accordingly, it is ORDERED:

The court's order directing plaintiff to file a motion to proceed *in forma pauperis* within thirty days (doc. 4) is hereby VACATED.

And it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2.  That in the alternative, this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

3.  That any pending motions be DENIED as moot.

4.  That the clerk be directed to close the file.

At Pensacola, Florida this 11th day of December, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;  *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**